UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:16-cr-00153 CDP |
| | ) |
| Stuart B. Millner, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

Comes now Stuart Millner, through his counsel, and respectfully submits the following information for the Court's consideration related to the Government's sentencing memorandum:

As we attempted to make clear in Defendant's own sentencing memorandum, Mr. Millner does not intend to diminish the wrongfulness of his actions. He admits his guilt, and knows what he did was wrongful and criminal. However, even the Government's submitted evidence demonstrates Stuart's goal to try to make his customers whole. Notably, as the Government has acknowledged, Mr. Millner has dutifully made every monthly payment on the questioned bank loans, and at this point the banks have suffered no loss.

Without a doubt, Stuart was using the auction proceeds from one sale to pay off prior customers. As we said before, a misguided confidence led Stuart to believe he could fix the financial woes of his company, make the company successful again, and bring the payment schedule back into full compliance with his contractual obligations. We believe the Government's offered evidence supports this conclusion.

First, within the referenced tape recorded conversation, Mr. Millner stated, "we have obligations to Berry and Benteler and other people that need to be taken care of." Indisputably, he went about his efforts in an inappropriate manner. But, it was his continued hope, as reflected in this statement made three days before the search warrants, to pay back these customers.

Second, that hope is also clearly reflected in his February 8, 2015 prayer which the Government pulled from his computer. Yes, in a personal conversation with God he acknowledges a feeling of guilt –and Stuart pled guilty. But, as the Government's offered exhibit shows, in that same prayer which he never thought anyone else would see, he also prayed that "Companies that we owe money to, allow us time to pay them."

Conclusion

As stated before, Stuart Millner will stand before the Court a humbled man with great regret and remorse for his actions which bring him before the Court. While the Government quite strongly urges a lengthy sentence of imprisonment, it offers no potential benefit gained by such a sentence. Rather it bases its argument for the most part on the implications of the Guidelines calculations. However, the Supreme Court has made clear, "[t]he Guidelines are not only *not mandatory* on sentencing courts; they are also *not to be presumed reasonable*." *Nelson v. United States,* 129 S.Ct. 890, 892 (2009). Moreover, the Supreme Court in *Gall v. United States*, 128 S.Ct. 586, 596 (2007), gave strong support for non-custodial sentences. The Court made special note that the sentencing courts must give consideration "to the substantial restriction of freedom involved in a term of supervised release or probation." *Id*. The Court further stated that "[p]robation is not granted out of a spirit of leniency .... As the Wickersham Commission said, probation is not merely 'letting an offender off easily.'" *Id*., at 595 n. 4 (quoting the Advisory Council of Judges of National Council on Crime and Delinquency, Guides for Sentencing 13-14 (1957)). A sentence of probation still subjects individuals to "substantial restriction[s] including that probationers may not leave the judicial district; change jobs without notifying (or receiving permission) from a probation officer; report regularly to a probation officer and must permit unannounced visits to their homes and various other "special conditions" imposed on an case-by-case basis." *Id*. at 596.

Furthermore, Defendants request for a non-custodial sentence is not unique. In *United States v. Cole*, 765 F.3d 884, 886 (8th Cir. 2014), the defendant, convicted of mail and wire fraud, tax evasion and tax fraud of over $3 million, was facing a Guidelines range of 135-168 months, but received a downward variance to a sentence of probation.

Respectfully Submitted,

DOWD BENNETT LLP

By: */s/ James G. Martin*
James G. Martin #33586MO
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
314/889-7300 (Telephone)
314/863-2111 (Facsimile)
jmartin@dowdbennett.com

### CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

*/s/ James G. Martin*